# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA JEANETTE STEPHENS,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 16-02759 AFM<br><br>**MEMORANDUM OPINION AND ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS** |

**I.**

**BACKGROUND**

Plaintiff Sheila Jeanette Stephens protectively filed her application for disability benefits under Title II of the Social Security Act on June 6, 2012. After denial on initial review and on reconsideration, a video hearing took place before an Administrative Law Judge (ALJ) on October 14, 2014, at which Plaintiff testified on her own behalf. In a decision dated January 9, 2015, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act for the period beginning January 3, 2012 through the date of the decision. The Appeals Council declined to set aside the ALJ's unfavorable decision in a notice dated

April 1, 2016. Plaintiff filed a Complaint herein on April 21, 2016, seeking review of the Commissioner's denial of her application for benefits.

In accordance with the Court's Order Re: Procedures in Social Security Appeal, Plaintiff filed a memorandum in support of the complaint on October 17, 2016 ("Pl. Mem.") and the Commissioner filed a memorandum in support of her answer on November 17, 2016 ("Def. Mem."). Plaintiff did not file a reply. This matter now is ready for decision.[1]

## II.

## DISPUTED ISSUE

As reflected in the parties' memoranda, the disputed issue is whether the ALJ properly considered the opinion of the medical expert Dr. Alpern and fully developed the record.

## III.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more

---

[1] The decision in this case is being made based on the pleadings, the administrative record ("AR"), the parties' memoranda in support of their pleadings.

than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Error in a social security determination is subject to harmless error analysis. *Ludwig v. Astrue,* 681 F.3d 1047, 1054 (9th Cir. 2012). Reversal "is not automatic, but requires a determination of prejudice." *Id.* A reviewing federal court must consider case-specific factors, including "an estimation of the likelihood that the result would have been different, as well as the impact of the error on the public perception of such proceedings." *Id.* (footnote and citation omitted).

## IV.

## FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995), *as amended* April 9, 1996. In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. *Id*. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. *Id*. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. part 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. *Id*. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" (RFC) to perform his past work; if so, the claimant is not disabled and the

claim is denied. *Id*. The claimant has the burden of proving that he is unable to perform past relevant work. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a *prima facie* case of disability is established. *Id*. The Commissioner then bears the burden of establishing that the claimant is not disabled, because he can perform other substantial gainful work available in the national economy. *Id*. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; *Lester*, 81 F.3d at 828 n.5; *Drouin*, 966 F.2d at 1257.

## V.

## THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 3, 2012, the alleged onset date. (AR 12.) At step two, the ALJ found that Plaintiff had the following severe impairments: obesity, degenerative joint disease of the bilateral knees; asthma; pansinusitis; affective disorder; and polyarthritis (also referred to as lupus and/or fibromyalgia). (*Id*.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id*.) At step four, the ALJ found that Plaintiff had the residual functional capacity to perform light work, except she could lift and/or carry 20 pounds occasionally, 10 pounds frequently; sit up to 6 hours out of 8; stand/walk up to 6 hours out of 8; occasional for all postural activities and ramps and stairs; frequent for handling and fingering; no exposure to concentrations of extreme cold; no exposure to concentration of odors, dust, gases, fumes and similar respiratory irritants; simple repetitive tasks with no more than superficial public contact. (AR 16.) The ALJ determined that Plaintiff is unable to perform any past relevant work. (AR 19.) Finally, at step five, considering Plaintiff's age, education, work experience, and RFC, there are jobs (such as Order Caller, Final Inspector, Small

Product Assembler I) that exist in significant numbers in the national economy that Plaintiff can perform.  (AR 20.)

Accordingly, the ALJ concluded that Plaintiff has not been under a disability as defined in the Social Security Act since January 3, 2012, through the date of this decision.  (AR 21.)

## VI.

## DISCUSSION

Medical expert Dr. Harvey Alpern testified telephonically at the administrative hearing.  (AR 33-36.)  Dr. Alpern opined that Plaintiff had fibromyalgia:

> [S]he has, more likely than not, fibromyalgia diagnosed by a rheumatologist. . . . she also has a history of irritable bowel syndrome and asthma and psychiatric disorders.  I believe that based upon the presence of multiple tender points as described by the rheumatologist, who unfortunately only uses that terminology.  That is an imprecise terminology in his records, and I've seen many of his records.  I still believe that she would meet the criteria of SSI 12-2P, and a diagnosis of fibromyalgia . . . ."  (AR 33-34.)

In her decision, the ALJ stated as following regarding Dr. Alpern:  "Given the totality of evidence and the undersigned's observation of [Plaintiff] as she testified during the administrative hearing, the undersigned rejects the opinion of Dr. Alpern because the evidence of record fails to demonstrate a solid diagnosis of lupus, rheumatoid arthritis or fibromyalgia. . . . The undersigned noted that although there is mention of fibromyalgia in the record, there is no diagnosis supported by discussion of tender points or the associated problems of irritable bowel syndrome or insomnia [citing AR 265]."  (AR 18.)  Plaintiff contends that the ALJ improperly rejected Dr. Alpern's opinion.

While opinions of a non-examining medical expert (such as Dr. Alpern) generally receive less weight than those of treating and examining physicians, it is still necessary for an ALJ to provide "specific and legitimate" reasons that are supported by substantial evidence when rejecting the opinions of a medical expert. *See Murphy v. Commissioner Social Sec. Admin.*, 423 Fed. Appx. 703, 705 (9th Cir. 2011); *see also Lester*, 81 F.3d at 830-31. The opinions of non-examining physicians, including medical experts, can constitute substantial evidence upon which an ALJ may rely when they are "supported by other evidence in the record and are consistent with it." *Morgan v. Comm'r of Social Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); *see also Saelee v. Chater*, 94 F.3d 520, 522 (9th Cir. 1996).

Here, the Court finds that the ALJ did not provide specific and legitimate reasons in rejecting Dr. Alpern's opinions. The ALJ begins by generally referring to the totality of the evidence and her observation of Plaintiff's testimony via video conference at the administrative hearing. However, the ALJ does not explain how the observation of Plaintiff's testimony leads to a conclusion that Dr. Alpern's opinions should be rejected; thus, that is not a specific or legitimate reason. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) (court may not comb the record for evidence to support ALJ's conclusion). And while the decision purports to summarize how the record is inconsistent with Dr. Alpern's opinions, the ALJ's discussion is not fair summary of what the record reflects regarding Plaintiff's fibromyalgia. *See Holohan v. Massanari*, 246 F.3d 1195, 1205, 1207 (9th Cir 2014) (error for ALJ to reject medical opinions by relying on treatment notes selectively). Citing AR 265, the ALJ acknowledges that the medical record mentions fibromyalgia, but asserts that there is "no diagnosis [of fibromyalgia] supported by discussion of tender points or the associated problems of irritable bowel syndrome or insomnia . . . ." (AR 18.) The cited document is a report by examining

physician Dr. Javeed Ahmed, a rheumatologist[2], dated July 19, 2012. Dr. Ahmed concluded that Plaintiff's "diagnosis is most consistent with fibromyalgia." (*Id.*) Contrary to the ALJ's characterization of the record, Dr. Ahmed also reported that there were "[m]ultiple soft tissue tender and trigger points," and he referred to Plaintiff as having irritable bowel syndrome. (*Id.*)

The ALJ's subsequent discussion of Dr. Ahmed acknowledges the fact that this diagnosis "is most consistent with fibromyalgia." (AR 17.) And although the ALJ correctly notes that Plaintiff said she did not believe in fibromyalgia, the report from Dr. Ahmed finishes by stating that Plaintiff "agreed with the diagnosis . . . ." (AR 265.) The ALJ also apparently concluded that the record showed Plaintiff suffered from fibromyalgia, stating that "[b]ased on the totality of the evidence, the undersigned concluded that [plaintiff's] pain is likely caused by her fibromyalgia." (AR 19.) To the extent that the ALJ believed that Dr. Alpern's opinion or Dr. Ahmed's treatment notes did not contain sufficient diagnostic criteria, the ALJ should have inquired further concerning the bases for their fibromyalgia diagnoses. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) (ALJ's duty to fully and fairly develop the record exists even when the claimant is represented by counsel).

The Court notes the Commissioner's argument that Dr. Ahmed did not specifically refer to 11 positive tender points, bilaterally and both below and above the waist. But the ALJ's decision does not point to this lack of detail in the record when discussing Dr. Alpern; instead, the ALJ states broadly that there is "no diagnosis" in the record supported by a discussion of tender points and irritable bowel syndrome. That finding ─ which was critical to the ALJ's rejection of

---

[2] Since it is a rheumatic disease, "[r]heumatologists may be better qualified to determine the effects of fibromyalgia because not all doctors are trained to recognize this disorder." *Bruet v. Barnhart*, 313 F. Supp. 2d 1338, 1346 (M.D. Fla. 2004); *see also Benecke v. Barnhart*, 379 F.3d 587, 591-94 (9th Cir. 2004).

7

Dr. Alpern's opinions — is not supported by substantial evidence (as noted above) and, at a minimum, should have been the subject of further inquiry by the ALJ. The Court therefore finds error in the ALJ's rejection of Dr. Alpern's opinions.

This error was not "'inconsequential to the ultimate nondisability determination,'" and was not harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). In particular, "[o]pinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Morgan*, 169 F.3d at 600; s*ee also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). In addition, the failure by the ALJ to present adequate reasons for rejection of Dr. Alpern's opinions prevents a meaningful review of the path taken by the agency in reaching its decision. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015).

## VII.

## DECISION TO REMAND

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. *See, e.g., Salvador v. Sullivan*, 917 F.2d 13, 15 (9th Cir. 1990); *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989); *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). Before a case may be remanded for an immediate award of benefits, three requirements must be met: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014); *see also Brown-Hunter*, 806 F.3d at 495. If the record is "uncertain and ambiguous, the proper approach is to remand the case to the agency" for further proceedings. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014). In

the present case, further proceedings would be useful to resolve conflicts gaps, and ambiguities in the medical record. *Id.* at 1103-04 (in evaluating whether further administrative proceedings would be useful, the reviewing court should consider "whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules"); *Burrell*, 775 F.3d at 1141-42. Remand proceedings would be useful in clarifying the administrative record and resolving conflicts relating to the medical opinion evidence.

* * *

IT THEREFORE IS ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this Order.

DATED: May 3, 2017

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE